IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SAMMY ALLEN GRAY, JR., ) | |
| ) | |
|    Debtor. ) | |
| ) | |
| ) | |
| PIONEER CREDIT COMPANY ) | |
| OF ALABAMA, INC., d/b/a ) | |
| 1st South East Acceptance ) | |
| Corporation, ) | |
| ) | |
|    Appellant, ) | |
| ) | CIVIL ACTION NO. |
|    v. ) | 1:10cv983-MHT |
| ) | (WO) |
| SAMMY ALLEN GRAY, JR., ) | |
| ) | |
|    Appellee. ) | |

OPINION AND ORDER

This is an appeal from the bankruptcy court's order granting attorney's fees to appellee Sammy Allen Gray, Jr. The cause is currently before the court on Gray's motion for a supplemental award of attorney's fees. Because the court finds that Gray is entitled to supplemental fees for work performed in defending this appeal and because the amount of fees requested is reasonable, the motion will be granted.

This matter arises out of Gray's Chapter 13 bankruptcy filing. However, the specific claims before the court relate more specifically to an adversary complaint Gray filed in that case against appellant Pioneer Credit Company of Alabama, Inc., d/b/a 1st South East Acceptance Corporation ("Pioneer"). Pioneer asserted claims against Gray's estate in bankruptcy, and in turn Gray filed his complaint asserting a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The bankruptcy court found for Gray on the merits of the TILA claim and awarded him attorney's fees in the amount of $ 16,912.00 and costs in the amount of $ 57.69. Pioneer filed this appeal challenging the attorney's fees, and this court affirmed the bankruptcy court's order.

Gray then filed this motion, seeking a supplemental award of attorney's fees for the work performed by his counsel, Wilson Webb, in defending Pioneer's unsuccessful appeal. He seeks fees of $ 13,020.00 and costs of $ 50.00.

2

Pioneer has opposed the motion.  However, it has not challenged any of the specific work done or the reasonableness of the award sought as a whole.  Instead, Pioneer argues that additional fees are simply not authorized by any statute.  It cites provisions of the Federal Rules of Bankruptcy Procedure, which it argues do not authorize an award of fees in this case, to support this claim.

Gray brought his TILA claim in bankruptcy as an adversary proceeding against Pioneer, which had filed claims against his estate.  Substantively, the adversary proceeding at issue in this case is governed by the TILA, not the Bankruptcy Code.  See Matter of Marshall, 970 F.2d 383, 384 (7th Cir. 1992) (applying TILA to adversary proceeding).  Therefore, any lack of authorization in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure for an award of fees is irrelevant if there is such authorization in the TILA.

The TILA authorizes a reasonable award of attorney's fees.  15 U.S.C. § 1640 ("in the case of any successful

action [under the TILA], [creditor is liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court"); see also Christ v. Beneficial Corp., 547 F.3d 1292, 1297 (11th Cir. 2008) ("Congress creat[ed] a system of private attorney generals" to help enforce the TILA, in part by authorizing attorney's fees and costs) (quotation omitted).

A separate award of fees is available for the successful defense of an appeal. Thomas v. Myers-Dickson Furniture Co., 479 F.2d 740, 748 (5th Cir. 1973) (granting additional award for successful defense on appeal despite finding that trial court's previous grant of fees was sufficient), superseded on other grounds, 15 U.S.C. § 1640(g), as recognized in Turner v. Firestone Tire & Rubber, 537 F.2d 1296 (5th Cir. 1976).[1]  In Thomas, the appellate court noted that "the Act allows fees in 'any successful action,' and an action cannot be said to be

---

1. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

'successful' when an appeal is taken unless the victory below is defended on appeal." 479 F.2d at 748.

Here, of course, Gray defended an appeal not of the underlying TILA claim but of the original award of attorney's fees. However, the court sees no basis for treating such an appeal differently for the purposes of a supplemental fee award, particularly given the role attorney's fees play in effectuating the Congressional system of private attorneys general. <u>Christ</u>, 547 F.3d at 1297; <u>see also</u> <u>Johnson v. State of Miss.</u>, 606 F.2d 635, 638 (5th Cir. 1979) (permitting, under 42 U.S.C. § 1988, a fee award for time spent litigating issue of attorney's fees); <u>Thompson v. Pharmacy Corp. of Am., Inc.</u>, 334 F.3d 1242, 1245 (11th Cir. 2003) (same); <u>Doucet ex rel. Doucet v. Chilton Cnty. Bd. of Educ.</u>, 65 F. Supp. 2d 1249, 1260 (M.D. Ala. 1999) (Thompson, J.) (same, under Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.).

Turning then to the reasonableness of the claimed fees, the court is required to determine the "lodestar"

5

figure or "the product of the number of hours reasonably expended to prosecute the lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community." Simpleville Music v. Mizell, 511 F.Supp.2d 1158, 1161 (M.D. Ala. 2007) (Thompson, J.) (citing Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). In determining the lodestar, the court applies the 12 factor test set forth in Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). See Varner v. Century Fin. Co., Inc., 738 F.2d 1143, 1148-49 (11th Cir. 1984).[2] The party seeking fees bears the burden of proof as to each factor. Id. at 1148. The court then proceeds to analyze "whether

---

    2. The Johnson factors are: "(1) the time and labor required, (2) the skill requisite to properly perform the legal services, (3) preclusion of other employment by the attorney due to acceptance of the case, (4) the novelty and difficulty of the questions presented, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, (12) awards in similar cases." Varner, 738 F.2d at 1148 n.7.

6

any portion of this fee should be adjusted upwards or downwards."  Simpleville Music, 511 F.Supp.2d at 1161 (citing Johnson, 488 F.2d at 717-19).

Gray has submitted a contemporaneous record of the time expended in defending this appeal, totaling 37.2 hours, and expenses incurred, totaling $ 50.00.  He has also submitted an declaration prepared by Gerald Templeton, a Birmingham attorney, who concludes that the time spent in defending this appeal was reasonable and that Gray's attorney's claimed rate of $ 350 per hour is at the low end of his market range given his expertise in this area of law.

The court notes that Pioneer has not contested the reasonableness of Gray's claim, nor has it suggested the amount of time spent in this matter was unnecessary.  The court also notes that Pioneer's appeal did not include some of the pertinent portions of the bankruptcy court record and that a significant portion of Gray's attorney's time in this matter was spent seeking to complete the record to facilitate this court's review.

In consideration of the contemporaneous time record as well as attorney Templeton's supporting declaration, the court finds Gray's claim for $ 13,020.00 in fees and $ 50.00 in expenses to be reasonable and in line with the work "performed by similarly situated attorneys in the community." Simpleville, 511 F.Supp.2d at 1161; see also Johnson, 488 F.2d at 718. Furthermore, again applying the Johnson factors, the court does not find that an upward or downward adjustment appropriate in this case. The requested fee award will be granted.

* * *

Accordingly, it is ORDERED as follows:

(1) Appellee Sammy Allen Gray, Jr.'s motion for supplemental award of attorney's fees (doc. no. 17) is granted.

(2) Appellee Sammy Allen Gray, Jr. shall have and recover from appellant Pioneer Credit Company of Alabama, Inc., d/b/a 1st South East Acceptance Corporation the

following: attorney's fees totaling $ 13,020.00 and the additional sum of $ 50.00 in expenses.

DONE, this the 15th day of October, 2013.

                                            /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**